Per Curiam.

Appellants contend that tbe decision of tbe board is unreasonable and unlawful in several respects. It appears from tbe record that tbe budget of tbe city of Lancaster arbitrarily included about $60,000 more for fire and police protection than it did in tbe preceding year; and that such city has no tax levies outside tbe ten-mill limitation and no income tax to support its fire and police activities. Moreover, it is disclosed that tbe city’s anticipated expenditures for 1962 are in excess of $112,000 more than they bad been in any previous year of record.
On tbe other band, it appears that tbe several complaining townships and tbe village of Baltimore have voted levies outside tbe ten-mill limitation to provide for fire protection; that tbe funds derived from such levies have been kept in separate accounts; that by reason of such outside levies small balances have accumulated in tbe general funds and in fire levy funds; and that without such levies deficits would have occurred with respect to tbe maintenance and operation of fire departments as well as in current operating costs. Appellants point out that in determining their needs tbe board considered only current operating needs as shown in tbe general fund portion of their budgets and ignored those needs as shown in tbe fire operating funds, and that by such erroneous procedure the appellants were discriminated against, with the result that they were allotted only the minimum 10% permitted by law, whereas Fairfield County was awarded tbe 50% maximum *165 amount permitted by law, and tbe city of Lancaster tbe balance of 40%.
It seems to us that the board in exercising the authority accorded it by Section 5705.37, Eevised Code, failed to recognize and include certain items which were correctly taken into account by the county budget commission in making its computations under the provisions of Section 5739.23, Eevised Code; that under such section the term, ‘ ‘ current operating expenses,” as defined in Section 5705.01 (F), Eevised Code, embraces more than those expenses shown in the general fund portion of a political subdivision’s annual tax budget. The fact that a political subdivision has a balance at the close of a fiscal year in the fund which may lawfully be used for current operating expenses or in a special levy fund out of which disbursements are made and which disbursements are properly payable from the general fund does not affect the amount needed for current operating expenses. It is not fair or right in determining the current operating needs of such subdivision to reduce those needs to the extent of such balances, without deducting from such balances whatever amounts are contained therein and attributable to “those revenues which a subdivision receives for an additional tax or service charge voted by its electorate. ’ ’
The effect of the decision of the Board of Tax Appeals is to give to the city of Lancaster the advantage of the greater tax levies imposed upon the inhabitants of the various townships and municipalities in the county. There is no proportionate increase in the tax load of the inhabitants of the city of Lancaster. In other words, by practicing economies and increasing their own tax burdens, the small political subdivisions make it possible for the inhabitants of the city of Lancaster to' enjoy lower taxes. This is neither the intent nor the purpose of the law. The funds are to be distributed on the basis of need for a given period of time without reference to the special tax revenues and without deduction for balances acquired by the economical operation of these small governmental units. The fund is to be apportioned on the actual cost of the operating needs during the period without consideration of present accumulated balances or funds arising from special tax levies.
*166 A political subdivision which votes and collects a levy outside the ten-mill limitation to provide for governmental operations is entitled to credit therefor in the allocation of an undivided local government fund of a county and should not be penalized for assuming an added tax burden to provide for a governmental activity, which would normally be paid out of current operating funds.
We are in agreement with appellees’ assignment of error which challenges the board’s action in considering anticipated transfers from the general fund to road and bridge funds as proper expenditures upon which to predicate allocation of the local government fund. Section 5705.05, Revised Code, outlines the purpose of the general levy for current expenses and states the objectives for which such general levy may be made. However, the statute excludes from the general levy those sums of money needed for the construction, reconstruction, resurfacing or repair of roads and bridges in both counties and townships. By such exclusion and from the fact that local fund money must be placed in the general fund and used for general fund purposes, the board in appraising need was mistaken in its determination that no amount should be removed from the proposed expenditure portion of appellants’ budgets, when they showed anticipated transfers of money from the general fund to the special road and bridge fund.
The decision of the board is unreasonable and unlawful and is reversed in the respects indicated herein, and the cause is remanded to the board for redeterminations and allocations not inconsistent with this opinion.

Decision reversed in fart.

Weygandt, C. J., Zimmerman, Taet, Matthias, Radcliee, O’Neill and G-rieeith, JJ., concur.
Radcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.